UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M. ASHLEY BUTLER, PH.D.,
as Guardian of Claudine B.
O'Connor,

      Plaintiff,

v.                     Case No. 8:11-cv-1273-T-33MAP

JEANNE SAUNDERS, ET AL.,

      Defendants.

_____/

## ORDER

This cause is before the Court pursuant to Plaintiff's Motion for Remand (Doc. # 8), filed on July 8, 2011. On July 21, 2011, Defendant George Saunders filed a response in opposition to the motion. (Doc. # 10). On July 22, 2011, Defendant Jeanne Saunders filed a response in opposition to the Motion (Doc. # 12). No other Defendant has responded to the Motion.[1] For the reasons that follow, the Motion is granted.

## I.   Background

Plaintiff M. Ashley Butler, Ph.D., filed suit in the Circuit Court of the Twelfth Judicial Circuit in and for

---

[1] Other Defendants include Richard S. Scolaro, Michael Mullarney, Scolaro, Shulman, Cohen, Fetter & Berstein, P.C., (the "Scolaro Law Firm") and Ernie C. Lisch as guardian of the property of Thomas F. O'Connor. Plaintiff has dismissed her claims against Lutheran Services Florida, Inc.

Sarasota County, Florida, on May 27, 2011, as court-appointed guardian of Claudine B. O'Connor. (Doc. # 2). Butler states that Mrs. O'Connor and Thomas F. O'Connor executed a prenuptial agreement on January 15, 1998, expressing their desire that their property remain separate. (Id. at ¶ 11). At that time Claudine O'Connor listed assets totaling $17,704,000, and Thomas O'Connor listed assets totaling $1,100,000. (Id.) The O'Connors reaffirmed their prenuptial agreement on August 22, 2002. (Id. at ¶ 15).

The O'Connors each executed and amended multiple revocable trusts at various times before and during their marriage. Butler alleges that, subsequent to the execution of two individual trusts on August 3, 2005, Claudine O'Connor's assets were improperly transferred to Thomas O'Connor, to members of his family and/or to members of the Saunders family. (Id. at ¶ 20, 24, 31, 38). Butler asserts that she has been unable to locate between $6,000,000 and $7,000,000 worth of Claudine O'Connor's assets. (Id. at ¶ 24, 30). Thomas O'Connor's assets, in contrast, appear to have increased. (Id. at ¶ 32). In particular, Thomas O'Connor's 1998 trust contains substantially more assets than he owned at the time of the marriage. (Id. at ¶ 32). Butler states that she does not have a copy of the 1998 trust instrument. (Id. at ¶ 13).

2

A copy of Thomas O'Connor's 2008 trust instrument is attached to the Complaint. Mr. O'Connor served as trustee, and Jeanne Saunders is named successor trustee. (Id. at ¶ 23, 34). George Saunders is named trust protector with Scolaro as successor trust protector and Mullarney subsequent successor trust protector. (Id. at ¶ 35-37). The Scolaro Law Firm, which served as counsel for Jeanne and George Saunders, has the authority to select successor trust protectors. (Id. at ¶ 19, 36).

Butler states that "[a]fter an investigation as to financial exploitation by Thomas as to Claudine and by Defendants, Jeanne and George, as to Thomas, the Department of Children and Family Services filed petitions for incapacity and for the appointment of plenary guardians for Claudine and Thomas." (Id. at ¶ 15). On April 15, 2011, the state court determined Claudine to be incapacitated and appointed Butler as plenary guardian of her person and property. (Id. at ¶ 28). On May 23, 2011, the state court determined Thomas to be incapacitated and ruled that Lisch should be appointed plenary guardian of his property. (Id. at ¶ 29). With the determination of his incapacity, Thomas O'Connor no longer serves as trustee. (Id. at ¶ 33).

Butler alleges that Claudine O'Connor was unduly influenced in making transfers of assets to Thomas O'Connor, the O'Connor family and the Saunders family, that she lacked capacity, or that the transfers were made without her authorization. (Id. at ¶ 38). She seeks a declaratory judgment with regard to Thomas O'Connor's 1998 trust (Count One). She also seeks suspension of Jeanne Saunders's duties as trustee, appointment of Lisch as special fiduciary and Jeanne Saunders's removal as trustee of the 2008 trust (Count Two)[2]. Finally, she seeks a temporary and/or permanent injunction against the Saunderses, Scolaro, the Scolaro Law Firm and Michael Mullarney from transferring or dissipating trust assets (Count Three).

On June 8, 2011, Jeanne and George Saunders removed this action to federal court. (Doc. # 1). The Saunderses state that Scolaro and Mullarney did not join in the removal because they had not yet been served with process. (Id. at ¶ 2). Although Lisch had been served, he did not join in the removal; however, the Saunderses assert that Lisch is an improper

---

[2] On May 31, 2011, the state court issued an ex parte temporary injunction against the Saunderses, Scolaro, Mullarney and the Scolaro Law Firm, and appointed Lisch as special fiduciary. (Doc. # 1-2, 15-17).

defendant. (Id. at ¶ 13). Scolaro and the Scolaro Law Firm joined in the removal on July 5, 2011 (Doc. # 7).

In their Notice of Removal, the Saunderses contend that this Court has jurisdiction based upon 28 U.S.C. § 1332. Butler is a Florida resident, the Saunderses are New Jersey residents, and Scolaro, Mullarney and the Scolaro Law Firm are citizens of New York. (Id. at ¶ 6-11). Although Lisch is a Florida resident, the Saunderses assert that he is an improper defendant because none of the three counts in the Complaint state a cause of action against him and, as special fiduciary, his interests are aligned with Butler's. (Id. at ¶ 13, 17).

Butler filed her Motion to Remand on July 8, 2011. (Doc. # 8). Butler contends that removal was improper because Lisch is an indispensable party who defeats diversity. (Id. at ¶¶ 16, 20). Furthermore, her allegations that Claudine's assets were improperly transferred to Thomas make Claudine and Thomas adverse. (Id. at ¶ 23-24). As guardian of Thomas's property, Lisch's interests are therefore adverse to Butler as Claudine's guardian. (Id. at ¶ 26, 28).

In his response to the Motion, George Saunders reasserts that Lisch is an improper defendant and argues that Butler has failed to name the proper party -- the unknown trustee of the 1998 trust. (Doc. # 10 at 3-4). He further argues that Butler

has stated no claim against Thomas O'Connor's assets, only the assets of his trusts, and that Lisch does not hold legal title to the trusts either as special fiduciary or guardian. (Id. at 4-5). Butler's assertion that assets have been wrongfully transferred to Thomas and her statement that she will seek "additional and supplemental relief" to recover all such funds do not create a cause of action against Lisch at the time of removal. (Id. at 6). He further contends that Count One of Butler's Complaint fails because she did not attach a copy of the 1998 trust, and any cognizable claim against Lisch fails as a result. (Id. at 7-8). Finally, he reasserts that Lisch is not adverse to Butler because, among other things, she desired his appointment as special fiduciary (Id. at 8-11).

In her response to the Motion, Jeanne Saunders makes similar contentions, and further asserts that Butler does not have standing to sue on behalf of Claudine O'Connor's trust. (Doc. # 12 at 3, 11). As noted above, no other Defendant has responded to the Motion.

Butler filed a reply addressing the Saunderses' arguments on August 3, 2011. (Doc. # 19). She asserts that Thomas O'Connor, as beneficiary of the trusts at issue, would be an indispensable party had he not been declared incapacitated. (Id. at ¶ 3). Because of Mr. O'Conor's incapacity, Lisch, as

6

guardian, is an indispensable party, and the proper party to defend this lawsuit on Thomas's behalf. (<u>Id.</u>) Butler further argues that she does not know the identity of the trustee of the 1998 trust and that she is not required to attach a copy of it to the Complaint because she does not have it. (<u>Id.</u> at ¶ 5). Finally, Butler argues that she has standing to assert claims on behalf of Claudine O'Connor because Mrs. O'Connor is the lifetime beneficiary of her trusts; a beneficiary has a right to bring claims regarding the trust, and a guardian has a right to bring claims to protect the guardianship estate. (<u>Id.</u> at ¶ 6).

## II. **Legal Standard**

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." <u>Pease v. Medtronic, Inc.</u>, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. § 1441(a)). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. <u>Id.</u> (citing 28 U.S.C. § 1332(a)(1)). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. <u>Id.</u>

Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction."

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)). "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco de Perez, 139 F.3d at 1380 (citations omitted).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any

8

affidavits and deposition transcripts submitted by the parties." Id. The Court must review the factual allegations in the light most favorable to the plaintiff, and it must resolve uncertainties about the applicable law in favor of the plaintiff. See id.

The fact that the plaintiff may not ultimately prevail against the resident defendant because an insufficient causal connection exists between the resident defendant's actions and the plaintiff's injuries does not mean that the resident defendant has been fraudulently joined. See id. This is true because the role of the court is not to weigh the merits of a plaintiff's claim beyond the determination of whether the claim is colorable under state law. See id. at 1380-81 (quoting Crowe, 113 F.3d at 1538).

III. **Analysis**

The Saunderses argue, among other things, that Butler has failed to state a claim against Lisch. George Saunders asserts that Counts Two and Three of Butler's complaint cannot possibly be construed as stating a claim against Lisch. (Doc. # 10 at 3). He further argues that Count One, which seeks declaratory judgment as to the existence, ownership and assets of Thomas O'Connor's 1998 trust, makes no claim as to Thomas O'Connor's assets but rather assets held in the 1998 trust,

over which neither Thomas O'Connor or Lisch have title or control. (Id. at 5). Therefore, he argues that Count One also fails to state a claim against Lisch.

Butler counters that Thomas O'Connor, had he not been declared incapacitated, would have been an indispensable party as beneficiary of the trusts at issue. (Doc. # 19 at ¶ 3). Lisch is therefore indispensable as Mr. O'Connor's guardian. (Id.).

Butler's arguments have merit. Under Florida law, "beneficiaries of a trust are indispensable parties to a suit having the termination of the beneficiaries' interest as its ultimate goal." Crescenze v. Bothe, 4 So.3d 31, 32 (Fla. 2d DCA 2009) (quoting Fulmer v. N. Cent. Bank, 386 So.2d 856, 858 (Fla. 2d DCA 1980)). Furthermore, "beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." Tick v. Cohen, 787 F.2d 1490, 1494 (11th Cir. 1986) (internal quotations and citations omitted). Thomas O'Connor would be an indispensable party in this action seeking to determine the source of assets and to remove trustees of trusts of which he is beneficiary.

Lisch, as guardian of Thomas O'Connor's property, "steps into the shoes" of Thomas in this action. Florida law provides

that an incapacitated person's right to sue and defend
lawsuits may be delegated to his or her guardian. Fla. Stat.
§ 744.3215(3)(b). Furthermore, the guardian has a duty to
"protect and preserve the [ward's] property." Fla. Stat. §
744.361(6)(a). Although the property in question is held in
trust, trust assets are to be paid to Thomas O'Connor or
applied to his benefit during his lifetime. Thus, Lisch, as
guardian, is an indispensable party to this action. See Jannis
v. Tanner, 533 So.2d 300, 301 (Fla. 3d DCA 1988) (finding that
"the guardianship estate . . . is an indispensable party to a
proceeding . . . which concerns claims against it and the
disposition of the ward's property").

The next question is how Lisch's interests should be
aligned in this action. George Saunders argues that Lisch is
not adverse to Butler because she has not alleged wrongdoing
against Thomas O'Connor or Lisch and seeks no relief from
Thomas or Lisch or with respect to Thomas's property. (Doc. #
10 at 9). Indeed, Butler sought Lisch's appointment as special
fiduciary to ensure that the trust is used only for Thomas's
benefit -- which, in turn, inures to her benefit. (Id. at 10).
Furthermore, "[a] determination of the amount of assets in the
1998 trust 'that were improperly transferred from Claudine or
her trusts' is not adverse to Thomas or Lisch." (Id.).

11

Under Florida law, "[w]hen declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration."[3] Fla. Stat. § 86.091. "Parties to a declaratory judgment action must have or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law." First Automotive Serv. Corp., N.M. v. First Colonial Ins. Co., No. 3:07-cv-682-J-32TEM, 2008 WL 816973, at *4 (M.D. Fla. Mar. 25, 2008) (internal quotations and citation omitted).

The facts of Tick are useful in sorting out the interests in this matter. The Ticks (plaintiffs) were not beneficiaries of the trust in question but rather claimed that the trust "was a receptacle for some of the funds which were allegedly wrongfully taken from a corporation in which they did have an interest." Tick, 787 F.2d at 1492, n.1. The Eleventh Circuit held that "a judgment in favor of the Ticks could adversely affect the [trust] beneficiaries' interests." Id. at 1494.

---

[3] Although the question of joinder in a diversity case that has been removed must be resolved in accordance with federal law, state law is relevant to the extent that it defines the parties' legal interests. Provident Tradesmen's Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968); First Automotive Serv. Corp., N.M. v. First Colonial Ins. Co., No. 3:07-cv-682-J-32TEM, 2008 WL 816973, at *4 (M.D. Fla. Mar. 25, 2008).

Thus, the trust beneficiaries were indispensable parties to be joined as defendants, defeating diversity jurisdiction. Id.

In this case, Butler alleges that Thomas O'Connor's trusts have been used as "receptacles" for some of Claudine O'Connor's assets. The interests of Thomas O'Connor, as beneficiary of the trusts, could be adversely affected should Butler prevail, and Lisch, as his guardian, is properly aligned as a defendant in this action.

Finally, the Court will consider George Saunders's contention that Count One of the Complaint fails because Butler did not attach a copy of the 1998 trust instrument. He contends that Butler cannot have an colorable claim against Lisch "if she fails even to satisfy the pleading requirements of Florida law." (Doc. # 10 at 8).

First, the pleading requirements of the Federal Rules of Civil Procedure apply to this diversity action. See Hanna v. Plumer, 380 U.S. 460 (1965). In federal court, "a plaintiff is not required to attach a document to a pleading, even when that document serves as the basis for the plaintiff's claim." Marsh U.S.A., Inc. v. Walpole, Inc., No. 8:04-cv-1968-T-24MSS, 2005 WL 2372006, at *2 (M.D. Fla. Sept. 27, 2005). Second, even if Florida's pleading requirements did apply, Butler's

13

failure to attach the trust instrument would not be fatal to her claim.

Florida Rule of Civil Procedure 1.130(a) provides that "[a]ll . . . documents upon which action may be brought or defense made . . . shall be incorporated in or attached to the pleading." As a result, "[f]ailure to attach a copy of the instrument upon which the action is brought may result in dismissal of the case. But where the instrument is not within the pleader's possession or control, as alleged here, such failure to attach should not be fatal to the cause." Sachse v. Tampa Music Co., 262 So.2d 17, 19 (Fla. 2d DCA 1972). Butler states in her Complaint that she does not have a copy of the 1998 trust instrument. (Doc. # 2 at ¶ 13). Therefore, failure to attach the document is not fatal, and Butler has a colorable claim for the purposes of the Motion to Remand.

This Court finds that removal was improper, and remand is appropriate. Because it does not have jurisdiction, it will not address the Saunderses' claim that the trustees of the 1998 and 2008 trusts are indispensable parties, or Jean Saunders's claim that Butler does not have standing to bring this case on behalf of Claudine O'Connor's trust. The Saunderses may raise those arguments in state court.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiff's Motion to Remand (Doc. # 8) is **GRANTED**.

(2) The Clerk is directed to **REMAND** this case to the Circuit
Court of the Twelfth Judicial Circuit in and for Sarasota
County, Florida. Thereafter, the Clerk shall close the
case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this
<u>19th</u> day of September 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record